IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WARREN PETRENA,

    Plaintiff,

v.                                    CASE NO. 1:04-cv-00441-MP-AK

CARSON MCCALL, et al.,

    Defendants.

_____/

# O R D E R

This matter is before the Court on Doc. 39, plaintiff's motion for an extension of time in which to file objections to the Magistrate's Report and Recommendations, Doc. 38. Plaintiff's request for an extension of time is granted. Plaintiff now has until Monday, May 15, 2006, to file any objections he has to the Magistrate's report.

Plaintiff also requests an explanation of the rules pertaining to summary judgment. The following is a passage from a prior order by the Magistrate Judge which may help explain the summary judgment procedure to the plaintiff:

> Plaintiff is advised that in opposing the motion he is the nonmoving party, and as Plaintiff he bears the burden of proof. In this situation, Defendants need not negate Plaintiff's claim. Rather, the burden on a defendant moving for summary judgment is to demonstrate an absence of evidence to support the plaintiff's case. Celotex Corporation v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). In opposition, Plaintiff must come forward with evidentiary material demonstrating a genuine issue of fact for trial. Reliance on the pleadings is inadequate. 477 U.S. at 324. Evidentiary material which would be acceptable in opposition to the motion includes sworn affidavits, sworn documents, or other evidence indicating the existence of a genuine issue of material fact. FED. R. CIV. P. 56(e). Sworn affidavits offered in opposition to the motion must be based on personal knowledge, set forth such facts as would be admissible into evidence, and affirmatively show that the affiant is competent to testify to the matters stated therein. FED. R. CIV. P. 56(E).

> As required by N.D. Fla. Loc. R. 56.1(A), Defendants submitted a statement of undisputed material facts. Doc. 19. In opposing summary judgment, Plaintiff shall (in addition to submitting other materials permitted by the Federal Rules, discussed above) submit a separate statement of facts as to which he contends that there is a genuine issue of fact to be tried. See N.D. Fla. Loc. R. 56.1(A). The statement shall reference the appropriate deposition, affidavit, interrogatory, admission, or other source of the relied upon material fact, by page, paragraph, number or other detail to enable the Court to readily locate the source of the fact. See N.D. Fla. Loc. R. 56.1(A). Facts set forth in the Defendants' statement will be deemed admitted unless controverted by the Plaintiff's statement. See N.D. Fla. Loc. R. 56.1(A).

Doc. 20 at 2-3. Additionally, the plaintiff can look to the Magistrate's Report and Recommendations, Doc. 38, for the justifications given by the Magistrate in support of his belief that summary judgment should be granted for the defendants. If plaintiff wishes to file objections to the report, he should state why he believes the Magistrate is incorrect in his conclusion.

Finally, plaintiff requests that counsel be appointed to assist him with his claim. "A civil litigant . . . has no absolute constitutional right to the appointment of counsel." Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987) (citing Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir.1985); Mekdeci v. Merrell Nat'l Laboratories, 711 F.2d 1510, 1522 n. 19 (11th Cir.1983)). Rather, such appointment is "a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Id. The district court is given "broad discretion" in making this determination, and "should appoint counsel only in exceptional circumstances." Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999) (internal citations omitted). The main consideration is "whether the pro se litigant needs help in presenting the essential merits of his or her position to the court." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). If "the facts and

issues are simple," the pro se litigant will usually not require such assistance. Id. Even though such litigant would "undoubtedly [be] helped by the assistance of a lawyer," it is within the district court's discretion to deny appointed counsel absent "unusual" or "exceptional" circumstances. Bass, 170 F.3d at 1320.

In this case, the court finds that plaintiff's claim is neither "unusual" nor are there "exceptional" circumstances that warrant the appointment of counsel. Therefore, plaintiff's request that counsel be appointed is denied. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's motion for an extension of time in which to file his objections to the Magistrate's Report and Recommendations is granted. Plaintiff has until Monday, May 15, 2006, to file any objections he has to the Magistrate's report.

2. Plaintiff's request that counsel be appointed to assist him in his claim is denied.

**DONE AND ORDERED** this   *14th* day of April, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge